## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-SD1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-SD1,** | § § § § § § | |
| **Plaintiff,** | § § | **Civil Action No. 7:23-cv-81** |
| **v.** | § § | |
| **MARIA ZELDA ROCHA, JOSE GUADALUPE VELA, OMAR LEONEL VELA, ORLANDO RODEL VELA, AND MICHAEL RENE VELA,** | § § § § § | |
| **Defendants.** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Deutsche Bank National Trust Company, as Trustee for GSMAP Trust 2005-DS1, Mortgage Pass-Through Certificates, Series 2005-SD1 ("Plaintiff" or "Deutsche"), complains of Defendants Maria Zelda Rocha, Jose Guadalupe Vela, Omar Leonel Vela, Orlando Rodel Vela and Michael Rene Vela. files this *Original Complaint*, and states as follows:

### I.      PARTIES

1.      Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2.      Jose Guadalupe Vela and Maria Isabel Vela ("Decedents") were borrowers under the loan agreement described below. Decedent Jose Guadalupe Vela passed away on December 14, 2016. Decedent Maria Isabel Vela passed away on June 29, 2022. Upon information and belief, no probate is open for Decedents in the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedents' estate.

3.      Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedents ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedents' estate, including an undivided interest in the Property, immediately upon her death. Each Heir is made a party in this proceeding.

4.      Defendant Maria Zelda Rocha is an heir and the daughter of Decedents. She is a citizen of the state of Texas and may be served with process at 1015 Malone Drive, Weslaco, Texas 78596 or at any other place where she may be found. Summons is requested.

5.      Defendant Jose Guadalupe Vela is an heir and the son of Decedents. He is a citizen of the state of Texas and may be served with process at 1205 W Malone Street, Weslaco, Texas 78596 or at any other place where he may be found. Summons is requested.

6.      Defendant Omar Leonel Vela is an heir and the son of Decedents. He is a citizen of the state of Texas and may be served with process at 505 Madero Street, Progreso, Texas 78579 or at any other place where he may be found. Summons is requested.

7.      Defendant Orlando Rodel Vela is an heir and the son of Decedents. He is a citizen of the state of Texas and may be served with process at 307 K Street, Weslaco, Texas 78596 or at any other place where he may be found. Summons is requested.

8.      Defendant Michael Rene Vela is an heir and the son of Decedents. He is a citizen of the state of Texas and may be served with process at 701 Panchita Street, Weslaco, Texas 78596 or at any other place where he may be found. Summons is requested.

## II.      PROPERTY

9.      This proceeding concerns the real property and improvements commonly known as 602 Madero Street, Progreso, Texas 78579, and more particularly described as follows:

ALL OF LOT 10, OF LOTS 10, 11 AND 12, BLOCK 20 PROGRESO ORCHARD HOMES, AN ADDITION TO THE CITY OF PROGRESO, HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 32, PAGE 130B, MAP RECORDS OF HIDALGO COUNTY, TEXAS. (The "Property").

### III.    DIVERSITY JURISDICTION AND VENUE

10.    This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

11.    Deutsche is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); see *U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC,* 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). According to its articles of association, Deutsche Bank has its main office in California. *See Lewis v. Deutsche Bank Nat'l Tr. Co*., No. 3:16-CV-133, 2017 U.S. Dist. LEXIS 57025, at *9 (S.D. Tex. Apr. 13, 2017). Therefore, Deutsche Bank is a citizen of California for diversity purposes.

12.    The named Defendants are individuals and citizens of the state of Texas.

13.    In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised

value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

14.　　When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

15.　　Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. The Hidalgo County Appraisal District values the Property at $118,540.00. Therefore, the amount in controversy exceeds $75,000.00

16.　　Venue is proper in the Southern District of Texas, McAllen Division, because this suit concerns title to real property located in Hidalgo County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV.　　FACTS

17.　　The foregoing paragraphs are incorporated by reference for all purposes.

18.　　On or about April 23, 2004, Jose Guadalupe Vela and Maria Isabel Vela ("Decedents" or "Borrowers") executed a *Texas Home Equity Note (Cash Out - Fixed Rate – First Lien)* ("Note"), originally payable to Ameriquest Mortgage Company ("Ameriquest") as

lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **<u>Exhibit A</u>**.

19.     Concurrently with the execution of the Note, Borrowers executed a *Texas Home Equity Security Instrument (First Lien)* ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Ameriquest, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Hidalgo County, Texas, as Document No. 1334076. A true and correct copy of the Security Instrument is attached hereto as **<u>Exhibit B</u>**.

20.     Subsequently, Ameriquest transferred and assigned the Loan Agreement to Plaintiff. The *Corporate Assignment of Deed of Trust* was recorded in the official public records of Hidalgo County, Texas, under Instrument No. 3404570. A true and correct copy of the Transfer of Lien is attached hereto as **<u>Exhibit C</u>**.

21.     Plaintiff is the current owner and holder of the Note and beneficiary under the Security Instrument. Plaintiff is also the mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

22.     Decedent Jose Guadalupe Vela passed away on December 14, 2016. Decedent.Maria Isabel Vela passed away on June 29, 2022. Upon information and belief, no probate was ever opened for Decedents. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, her heirs acquired all of her interest in the Property immediately upon death, subject to the Loan Agreement debt owed to Plaintiff.

23.     Under the terms of the Loan Agreement, Decedents were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

24.     The Loan Agreement further provides that should Decedents fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

25.     The Loan Agreement is currently due for the August 1, 2022, payment, and all subsequent monthly payments. On September 20, 2022, a *Notice of Default* was sent to the Borrowers in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the *Notice of Default* is attached hereto as **Exhibit D**.

26.     The default was not cured, and the maturity of the debt was accelerated. On December 9, 2022, a Notice of Acceleration of Loan Maturity was sent to the Borrowers in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration is attached hereto as **Exhibit E.**

27.     Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### V.    CAUSES OF ACTION

### A.    DECLARATORY JUDGMENT

28.     The foregoing paragraphs are incorporated by reference for all purposes.

29.     Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

**B.    ENFORCEMENT OF STATUTORY PROBATE LIEN**

30.    The foregoing paragraphs are incorporated by reference for all purposes.

31.    Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

> a.    TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b.    TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and
>
> c.    TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

32.    Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C.    NON-JUDICIAL FORECLOSURE

33.    The foregoing paragraphs are incorporated by reference for all purposes.

34.    Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendant who acquired the Property subject to Decedents' debts.

### D.    PUBLIC AUCTION

35.    The foregoing paragraphs are incorporated by reference for all purposes.

36.    Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendant, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E.    JUDICIAL FORECLOSURE

37.    The foregoing paragraphs are incorporated by reference for all purposes.

38.    In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

39.     As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Hidalgo County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F.     TRESPASS TO TRY TITLE

40.     The foregoing paragraphs are incorporated by reference for all purposes.

41.     Concurrent with Plaintiff acquiring all of Defendant's right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff seeks a declaration and judgment that the Defendant is divested of all of his right, title and interest in the Property and that all of Defendant's right, title, and interest in the Property is vested in Plaintiff.

### G.     WRIT OF POSSESSION

42.     The foregoing paragraphs are incorporated by reference for all purposes.

43.     If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H.     ATTORNEYS FEES

44.     Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendant but only as an additional debt secured by the Security Instrument.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and the Court enter judgment granting:

a.      A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument, and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b.      A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendant is divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c.      A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d.      Attorney fees and costs of suit; *and*

e.      All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Admission#21340
Attorney in Charge
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
State Bar No. 24093448
Southern District Admission #3121681
Of Counsel
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**